[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11961
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00019-TCB-RGV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MONTELONGO-GUZMAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 13, 2021)


Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Carlos Montelongo-Guzman appeals his 120-month sentence for possession with intent to distribute 5 kilograms or more of cocaine. He asserts the district court committed multiple sentencing errors, specifically erring when it applied a base offense level of 36 instead of 34, denied a safety-valve reduction, and denied a two-level mitigating role adjustment. Because the district court stated the same sentence would be imposed regardless of its determinations on these issues and Montelongo's sentence is ultimately reasonable, we affirm.

Although the Guidelines are no longer mandatory, the district court is required to consult, consider, and correctly apply them. *United States v. Martinez*, 584 F.3d 1022, 1025 (11th Cir. 2009) (citations omitted). Remand is not appropriate when the district court's Guidelines error did not impact the district court's ultimate sentence and the ultimate sentence is reasonable. *See United States v. Keene*, 470 F.3d 1347, 1348-50 (11th Cir. 2006).

We need not decide if the district court correctly determined Montelongo's Guidelines range. *See Keene*, 470 F.3d at 1348-50. The district court stated the same sentence would have been imposed regardless of its determinations on drug quantity and the safety-valve reduction. The district court also stated that its decision on whether the defendant played a mitigating role would not impact its decision to give a 120-month sentence. Thus, we need only determine if

2

Montelongo's sentence is substantively reasonable based on the Guidelines range without the alleged errors. *See id.*

We consider the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We will overturn a sentence as substantively unreasonable only if "left with the definite and firm conviction" that a clear error of judgment was made by the district court in weighing the § 3553(a) factors, and the resulting sentence is outside the range of reasonable sentences. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). We must consider the totality of the circumstances, including the extent of any variance from the Guidelines range. *Gall*, 552 U.S. at 51.

Had the district court sentenced in accordance with Montelongo's position—applying a base level offense of 34, the two-level safety-valve reduction under § 2D1.1(b)(18), and the two-level mitigating role adjustment under § 3B1.2—in addition to the three-level reduction for acceptance of responsibility he received, his base offense level would have been 27. With an offense level of 27 and a

3

criminal history category of I, Montelongo's Guidelines range would have been 70 to 87 months.

Montelongo's sentence is reasonable. First, the 120-month sentence, while 33 months above the high end of the unenhanced Guidelines, was well below the statutory maximum of life. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining a sentence imposed well below the statutory maximum is indicative of reasonableness); 21 U.S.C. § 841(b)(1)(A). The record shows the district court considered the § 3553(a) factors in imposing its sentence and concluded the 120-month statutory minimum sentence was "just, fair, and reasonable" in light of those factors. Additionally, the district court discussed facts pertaining to the seriousness of the offense, such as the drug quantity, Montelongo's role, and the value of the drugs involved, in addition to the need for a just sentence and Montelongo's unrepresented criminal history. *See United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (stating a district court may also consider any information that is relevant to the defendant's background, character, or conduct when imposing an upward variance). Thus, the district court gave weight to the seriousness of the offense and the need to impose a just sentence. Therefore, even if the district court incorrectly applied the Guidelines, any error was harmless because the district court would still have sentenced Montelongo to 120 months, which is a substantively reasonable sentence given his

pending drug charges in California, his relevant conduct and role, the 77 kilograms of cocaine involved, the more than $2,000,000 value of the cocaine involved, and the fact his sentence is well below the statutory maximum. Accordingly, we affirm Montelongo's 120-month sentence.

**AFFIRMED.**